**UNITED STATES of America**

**v.**

**Kourosh BAKHTIARI, Defendant.**

**No. S 88 Cr. 889 (RWS).**

United States District Court, S.D. New York.

Dec. 7, 1989.

As Amended Dec. 12, 1989.

SENTENCING OPINION

SWEET, District Judge.

Defendant Kourosh Bakhtiari ("Bakhtiari") is to appear for sentencing on December 12, 1989 on two separate indictments. For the reasons stated below, a sentence of 30 months of imprisonment will be imposed, which term of imprisonment shall run consecutively to the sentence of 46 months incarceration imposed on November 28, 1989, by the Honorable Leonard B. Sand with respect to Bakhtiari's separate conviction on weapons and false statement offenses.

*The Offenses*

At the conclusion of a jury trial before Judge Sand, Bakhtiari was found guilty on August 7, 1989 on several weapons and false statements/impersonation counts. As noted, he recently was sentenced on those counts to forty-six months imprisonment and, as well, a ten year term of supervised release.

On September 21, 1989, following his conviction on the weapons/false statements counts, Bakhtiari pleaded guilty to two counts charged in indictment 89 CR 889—conspiring to escape in violation of 18 U.S.C. § 371 and attempt to escape from custody pursuant to felony arrest in violation of 18 U.S.C. § 751(a). Both counts relate to Bakhtiari's efforts on November 20, 1988, to escape from detention at the Metropolitan Correctional Center, efforts in which he was joined by two other inmates confined at the Center. The record is clear that Bakhtiari was the leader and methodi-

cal planner of this escape attempt, which resulted in the inmates' capture on a roof of the Correctional Center several floors below the cell window from which the inmates escaped through and scaled down.

Also on September 21, 1989, Bakhtiari pleaded guilty under a separate indictment, 89 CR 227, to another count of escape from custody pursuant to felony arrest. That indictment arose from his successful solo escape from Beekman Hospital on February 28, 1989, three months after his prior escape attempt. Bakhtiari had been confined under guard at Beekman while being treated for certain hand injuries sustained during his first attempted escape and apparently fled the Hospital while unshackled. Bakhtiari was recaptured from this escape on March 3, 1989.

### Statutory Considerations and the Guidelines

#### Consecutive v. Concurrent Sentences

18 U.S.C. § 3584(a) provides that "[i]f multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively...." In making that determination, a court is to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) governing imposition of sentences, which factors include the sentencing ranges and policies recommended by the Sentencing Commission.

The Sentencing Commission Guidelines (the "Guidelines"), are here not particularly helpful with respect to first question of whether sentencing on the escape charges should run consecutive to the weapons/false statements charges for which Bakhtiari was just sentenced last week. Guidelines § 5G1.3 states that where the instant offense was "*committed* while the defendant was serving a term of imprisonment," (emphasis added), a consecutive sentence should be imposed. That provision is by its terms inapplicable to Bakhtiari as his escapes occurred prior to adjudication of, and sentencing on, his weapons/false statements charges. The commentary to this provision provides no further guidance, other than to note that in the case of an offender who committed the offenses in question prior to serving a separate unexpired term of imprisonment, sentencing on the instant offenses may run consecutively or concurrently with the unexpired term.

■ The sentencing factors set forth at 18 U.S.C. § 3553(a)(2) do, however, favor making the sentence on the instant offenses run consecutively with the term of imprisonment imposed on the weapons/false statements convictions. Bakhtiari's escapes constituted criminal conduct entirely distinct from his weapons/false statement convictions. To impose a sentence on the escapes that ran concurrently with the forty-six month sentence imposed on the weapons/false statements convictions in effect would require Bakhtiari to serve no time for the former conduct. A concurrent sentence thus would fail entirely "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment" for his behavior. 18 U.S.C. § 3553(a)(2)(A). Nor would it "afford adequate deterrence" to inmates contemplating escape attempts if they could expect to do no additional time as a result of such attempts. *See* 18 U.S.C. § 3553(a)(2)(B).

The Guidelines do give instruction on the distinct question of whether sentencing on one escape should be consecutive to the other. Guidelines § 5G1.2 provides that when sentencing on multiple counts of conviction, sentences are ordinarily to run concurrently and are to be computed in accordance with the provisions of Subchapter 3D of the Guidelines, which calls for the calculation of a total punishment based upon a "combined" offense level. This is true even when the multiple counts of conviction are, as here, "contained in different indictments or informations for which sentences are to be imposed at the same time...." Guidelines, § 5G1.2 (commentary).

### Calculating the Length of the Sentence under the Guidelines

The Presentence Report and Addendum prepared by the U.S. Probation Office on

the two counts embracing the first escape attempt (88 Cr 889) grades Bakhtiari's offense conduct under the Guidelines at a total offense level of 15 and assigns him a Guideline criminal history category of I. Bakhtiari has not objected to that Guideline evaluation.

■ The U.S. Probation Office prepared a separate Presentence Report with respect to the second escape, which grades that escape independently at an offense level of 11 rather than as a component count to be considered in calculation of a "combined" offense level under subchapter 3D of the Guidelines. As noted above, Guideline § 5G1.2 specifically indicates that multiple counts, even if contained in two different indictments, are to be considered together when the sentencing on those counts is to be simultaneous. Accordingly, consistent with the Guidelines, the court shall apply the provisions of subchapter 3D to arrive at a combined offense level, rather than grade the second escape without reference to the first.

In this case, application of subchapter 3D of the Guidelines requires that Bakhtiari's second escape be treated as a separately grouped instance of significant additional criminal conduct, adding two offense levels to the total offense level governing the first escape. *See* Guidelines, §§ 3D1.1–3D1.4. Thus, Bakhtiari's combined offense level for the two escapes becomes 17. Given his criminal history category of I, the Sentencing Table provides for an imprisonment range of twenty-four to thirty months on the escape counts in the two indictments.

The Guidelines also call for three to five years of supervised release on each of these counts, and a fine in an amount not less than $5,000. *See* Guidelines §§ 5D1.2 and 5E1.2.

*The Sentence*

Consistent with the Guidelines, Bakhtiari shall be sentenced on each of the counts in 89 CR 889 and 89 CR 227 to concurrent terms of thirty months imprisonment, to be followed by a five year term of supervised release. Said terms shall run consecutively to the sentence imposed on Bakhtiari under 89 CR 395.[1] The standard conditions of supervised release shall apply to the supervised release and, in addition, Bakhtiari shall not be permitted to possess weapons of any variety, shall provide full financial disclosure and shall seek and obtain verifiable, full-time employment. Finally, a total fine of $5,150 will be imposed, inclusive of the mandatory statutory fine of $50 applicable on each of the three counts in these two indictments.

The sentence imposed will place Bakhtiari at the top of the Guideline sentencing range. A sentence of at least that level of severity is necessary in view of Bakhtiari's demonstrated contempt for lawful authority. As noted, Bakhtiari planned in detail and then led two other inmates in an escape attempt from the Metropolitan Correctional Center. Following that unsuccessful escape effort and while still in prison, Bakhtiari attempted to make arrangements with an undercover agent to sell silencers. Then, in still further defiance of prison authority, defendant again escaped from confinement, this time while hospitalized. Such repeated conduct, undertaken in each instance while Bakhtiari was incarcerated and awaiting adjudication of charges, constitutes a direct and dangerous threat to a prison system already operating at capacity. Bakhtiari's conduct therefore warrants a sentence at the top of the guideline range on the combined offenses, absent authorization in the Guidelines for imposing consecutive sentences on these separate escapes.

The above sentence is subject to further hearing on December 12, 1989.

It is so ordered.

---

1. It is intended not only that terms of imprisonment here to be imposed run consecutive to the forty-six month prison term imposed under 89 CR 395, but also that the five year term of supervised release to be imposed under 89 CR 889 and 89 CR 227 be consecutive to the term of supervised release imposed in 89 CR 395.